IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RYAN SAVINELL                                                                                          PLAINTIFF

v.                                                                                          No. 4:14CV113-SA-DAS

CHRISTOPHER EPPS, ET AL.                                                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Ryan Savinell, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants interfered with his access to the courts during his pursuit of state post-conviction collateral relief. The defendants have filed a motion [34] for summary judgment, arguing, among other things, that the case must be dismissed because Savinell has not exhausted his administrative remedies as to this claim. Savinell has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the defendants' motion for summary judgment will be granted, and the instant case will be dismissed without prejudice for failure to exhaust administrative remedies.

**Factual Allegations**

The plaintiff claims that the Inmate Legal Assistance Program, as implemented by the Mississippi Department of Corrections, does not provide adequate resources for inmates to litigate their non–frivolous claims in state or federal court. In his case, he argues that the unavailability of direct access to either books or computers caused him to miss the state court deadline to proceed *in forma pauperis* on the appeal of the trial court's denial of his motion for post-conviction collateral relief. On January 5, 2012, the DeSoto County Circuit Court denied Savinell's motion for post-

conviction collateral relief. On January 27, 2012, Circuit Court denied Savinell's motion to reconsider that decision. Savinell attempted to appeal the decision to the Mississippi Supreme Court, but he sent the Notice of Appeal to the Mississippi Supreme Court, which then forwarded the notice to the proper court – the DeSoto County Circuit Court. On May 15, 2012, the DeSoto County Circuit Court denied Savinell's request to proceed *in forma pauperis* on appeal because he did not file the notice of appeal with the Circuit Court within 30 days of the January 5, 2012, denial of post-conviction collateral relief. As Savinell did not have the $915.00 required to proceed with his appeal, it was dismissed.

Savinell argues that the Inmate Legal Assistance Program in place within the Mississippi Department of Corrections is insufficient for inmates to adequately prepare their legal documents. He argues that the system is nothing more than a "paging service," and the program's shortcomings led directly to his inability to proceed with the appeal of his state post-conviction collateral relief claims because he did not know how to proceed on direct appeal in that type of case. He also alleges that Inmate Legal Assistance Program resources (books and computers) are not available for review, and the Inmate Legal Assistance Program staff does not have sufficient knowledge to adequately assist the inmates.

**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act states, in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at the Mississippi Department of Corrections ("MDOC") facilities has been approved by this court in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293

(5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubble field,* 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted). As of September 19, 2010, the Administrative Remedy Program grievance process was changed from three steps to two. *See Gates v. Collier*, No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010); *Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, at *3 n.6 (S.D. Miss. 2011).

The two-step grievance process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator, but the prisoner must do so within thirty days of the incident. *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. 2013). The adjudicator screens the grievance and determines whether to accept it. *Id.* If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the second step by completing the Second Step form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will issue a final ruling, or Second Step Response. *Id.* If the inmate is unsatisfied with that response, he may file suit in state or federal court. *Id.*

Savinell filed a grievance regarding the allegations in this case through the Administrative Remedy Program at the South Mississippi Correctional Institution prior to filing the present case. However, the deadline for filing a grievance through the Administrative Remedy Program is within 30

days of the incident giving rise to the grievance, and Savinell filed his first grievance at least *fourteen months* after the state courts completed review of his request for post-conviction collateral relief. *See Affidavit of Joseph Cooley, Exhibit 1 of Defendants' Motion for Summary Judgment*. Thus, the grievance was untimely filed. *Howard,* No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at *2. In addition, both Savinell's initial and second grievances raising this issue were returned to him unprocessed, as he included far too many issues and far too much material with each. *Ex. 1 of Defendants' Motion for Summary Judgment*. For these reasons, the court holds that Savinell has not exhausted his administrative remedies prior to filing this case.

## Conclusion

For the reasons set forth above, the defendants' motion [34] for summary judgment will be granted, and the instant case will be dismissed without prejudice for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of May, 2015.

                                                      /s/ Sharion Aycock
                                                     **U.S. DISTRICT JUDGE**